## SMITH v GENERAL MOTORS CORPORATION

Docket No. 126041. Submitted December 10, 1991, at Lansing. Decided January 22, 1992, at 9:25 A.M. Leave to appeal sought.

Norma G. Smith, as personal representative of the estate of Charles J. Smith, deceased, brought an action in the Saginaw Circuit Court against General Motors Corporation, the decedent's former employer, seeking damages for the decedent's fatal injury in an industrial accident involving a machine for which safety-related modifications had been suggested by its manufacturer but not made by the defendant. The court, Joseph R. McDonald, J., granted summary disposition for the defendant, ruling that, as a matter of law, the plaintiff failed to allege an intentional tort sufficient to avoid the exclusive remedy of the workers' compensation act. The plaintiff appealed.

The Court of Appeals *held:*

1. The trial court did not err in determining that 1987 PA 28, which amended MCL 418.131; MSA 17.237(131) to provide that the intentional-tort exception applies only where an injury is the result of a deliberate act of the employer and the employer specifically intends an injury, retroactively applied to this case.

2. An employer is deemed to have intended an injury where it had actual knowledge that an injury was certain to occur and wilfully disregarded that knowledge. In this case, while the defendant had knowledge that injury was certain to occur if the machine in question was not modified, its failure to make the modifications was the result of negligence, not a deliberate act by it or any of its employees.

3. Because none of the defendant's employees responsible for modifying the machine deliberately or wilfully disregarded the known danger, the requisite intent cannot be imputed to the defendant.

Affirmed.

### REFERENCES

Am Jur 2d, Workmen's Compensation §§ 21, 50, 51, 55.

What conduct is willful, intentional, or deliberate within workmens' compensation act provision authorizing tort action for such conduct. 96 ALR3d 1064

1. WORKERS' COMPENSATION — EXCLUSIVE REMEDY — INTENTIONAL-TORT EXCEPTION.

1987 PA 28, which amended the exclusive remedy provision of the Workers' Disability Compensation Act to provide that the intentional-tort exception applies only where an injury is the result of a deliberate act of the employer and the employer specifically intends an injury, applies retrospectively to causes of action accruing before its effective date (MCL 418.131; MSA 17.237[131]).

2. WORKERS' COMPENSATION — EXCLUSIVE REMEDY — INTENTIONAL-TORT EXCEPTION.

For purposes of the intentional-tort exception to the exclusive remedy provision of the workers' compensation act, an employer is deemed to have intended an injury where it had actual knowledge that an injury was certain to occur and wilfully disregarded that knowledge (MCL 418.131; MSA 17.237[131]).

3. WORKERS' COMPENSATION — EXCLUSIVE REMEDY — INTENTIONAL-TORT EXCEPTION — QUESTIONS OF LAW — QUESTIONS OF FACT.

Whether facts pleaded by a plaintiff are sufficient to establish an intentional tort within the meaning of the exclusive remedy provision of the workers' compensation act is a question of law for the court; whether the facts pleaded are true is a question of fact for the jury (MCL 418.131; MSA 17.237[131]).

4. WORKERS' COMPENSATION — EXCLUSIVE REMEDY — INTENTIONAL-TORT EXCEPTION — INTENT TO INJURE — CORPORATIONS.

For purposes of the intentional-tort exception to the exclusive remedy provision of the workers' compensation act, an intent to injure an employee may not be imputed to a corporate employer unless an employee or agent of the corporation had actual knowledge that an injury was certain to occur and wilfully disregarded that knowledge (MCL 418.131; MSA 17.237[131]).

*Mossner, Majoros & Alexander, P.C.* (by *William S. Pearson*), for the plaintiff.

*Smith & Brooker, P.C.* (by *A. T. Lippert*), for the defendant.

Before: WEAVER, P.J., and MacKENZIE and FITZGERALD, JJ.

Per Curiam. Plaintiff appeals as of right from an order of the trial court granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(10).

This case involves the intentional-tort exception to the exclusive remedy provision of the Workers' Disability Compensation Act, MCL 418.131; MSA 17.237(131). Plaintiff first argues that the trial court erred in finding that the 1987 amendment of § 131 should be applied retroactively. This Court has consistently held that the amendment applies retroactively. *Shipman v Fontaine Truck Equipment Co,* 184 Mich App 706, 715; 459 NW2d 30 (1990); *McNees v Cedar Springs Stamping Co,* 184 Mich App 101, 102-103; 457 NW2d 68 (1990). Thus, the standard for determining intentional conduct is that announced in § 131 and not that in *Beauchamp v Dow Chemical Co,* 427 Mich 1; 398 NW2d 882 (1986). Whether the facts that plaintiff alleges constitute an intentional tort is a question of law for the court. Whether the facts are as plaintiff alleges is a question of fact for the jury. *Adams v Shepherd Products, US, Inc,* 187 Mich App 695, 696-697; 468 NW2d 332 (1991). *McNees, supra* at 104.

Plaintiff next asserts that the trial court erred in granting defendant's motion for summary disposition because she alleged sufficient facts to create a jury question whether defendant was guilty of an intentional tort. A motion for summary disposition under MCR 2.116(C)(10) tests whether there is factual support for a claim. The court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence available to it. Giving the benefit of reasonable doubt to the nonmovant, the court must determine whether a record might be developed that will leave open an issue upon which reasonable minds could differ.

*Amorello v Monsanto Corp,* 186 Mich App 324, 329-330; 463 NW2d 487 (1990).

To avoid the exclusive remedy provision through the intentional-tort exception, there must be a deliberate act by the employer and a specific intent that there be an injury. Specific intent is established if the employer had actual knowledge that an injury was certain to occur and wilfully disregarded that knowledge. MCL 418.131(1); MSA 17.237(131)(1), as amended by 1987 PA 28; *Pawlak v Redox Corp,* 182 Mich App 758, 767-768; 453 NW2d 304 (1990). To support such conclusions, a plaintiff must be able to allege a specific danger known to the employer that was certain to result in an injury and must allege that the employer required the plaintiff to work in the face of that danger. *McNees, supra* at 105.

The trial court ruled that the evidence presented supported only a conclusion that defendant's failure to correct problems with a particular machine resulted from a misunderstanding, not from a deliberate act. We agree.

There is no dispute that defendant had knowledge that the injury was likely to occur. By letter dated September 18, 1985, Wheelabrator Corporation, the manufacturer of the Wheelabrator Tumbleblast machine the decedent was operating when he suffered his fatal injuries, warned defendant that accidents had occurred when the operator of the machine entered the path of a moving bucket and was crushed between it and the machine. The letter further advised that the accidents occurred while the machine was in its automatic mode and urged defendant to immediately modify the equipment to eliminate the automatic feature.

Manuel Gonzalez received the warning letter in the course of his duties as process engineer. Gonzalez sent memorandums to the maintenance super-

visors at each plant having a tumbleblast machine with directions to modify the equipment. Because he heard nothing to the contrary, Gonzalez assumed that the modifications were made.

Jack Paquette, the maintenance supervisor at the plant where Smith worked, gave the instructions to modify the plant's three machines to the plant's maintenance dispatcher, Manuel Cardenas, who assigned electrician Keith Williams to make the necessary changes. Williams rewired only one of the machines and reported completion of the assignment.

Smith apparently was killed when the loading bucket began to cycle without activation. Smith was between the bucket and the doors, with his back to the bucket. The bucket moved forward and downward, striking Smith in the back of the neck and shoulder, fracturing his neck. Smith died ten days later.

The dispositive question, therefore, is whether defendant wilfully disregarded knowledge of the certainty of injury within the meaning of § 131. The trial court concluded that the undisputed evidence showed negligence rather than wilful disregard of a known risk.

Our research has failed to discover any cases interpreting the wilful disregard prong of the statutory definition of intentional tort. Plaintiff argues that defendant had notice that the defect was not cured because a corporation is charged with the combined knowledge of its employees, and that its failure to correct the defect constitutes wilful disregard.

As a general rule, the combined knowledge of employees may be imputed to a corporation. *Upjohn Co v New Hampshire Ins Co,* 438 Mich 197, 214; 476 NW2d 392 (1991). The question here,

however, involves more than knowledge or notice. The question involves a state of mind because the statute requires a showing of deliberation and wilfulness in order to avoid the exclusive remedy of the act.

A corporation may be liable for an intentional tort. To find the requisite intent, however, there must be a human who acted with that intent in order to hold the corporation responsible. 18B Am Jur 2d, Corporations, § 2129, pp 951-952.

> The malice of the corporation consists of the motives which prompt the action of its representatives; the requisite state of mind must necessarily be that of its employee or agent. [*Id.* at 951.]

While a state of mind may be imputed to a corporation, such a state of mind cannot reasonably be inferred from imputed notice of disconnected facts. Plaintiff's analysis fails to consider the fact that no employee of defendant had the requisite state of mind that could be imputed to defendant.

We conclude that plaintiff failed to support her claim that defendant deliberately or wilfully disregarded a known danger. The danger was known, and the failure to correct it resulted from neglect. Plaintiff has failed to present any facts in support of her claim that Smith's injury resulted from a deliberate decision to disregard the danger. Consequently, the trial court properly entered judgment for defendant as a matter of law. MCR 2.116(C)(10).

Affirmed.