**John M. DISCHER, Plaintiff,**

v.

**BRIDGESTONE/FIRESTONE, INC. and Branick Industries, Inc., Defendants.**

No. 91–72133.

United States District Court, E.D. Michigan, S.D.

March 20, 1992.

don expressly provides that the person shall not ship, transport, possess or receive firearms.

M.C.L. § 28.422(3)(c).

Joseph M. Xuereb, Dearborn, Mich., for plaintiff.

Daniel P. Malone, Lynn A. Sheehy, Phillip C. Korovesis, Butzel Long, Detroit, Mich., for defendants.

## OPINION AND ORDER DENYING DEFENDANT BRIDGESTONE/FIRESTONE, INC.'S MOTION FOR SUMMARY JUDGMENT

GADOLA, District Judge.

Plaintiff John M. Discher filed his complaint March 14, 1991, in Wayne County Circuit Court. Defendant Bridgestone/Firestone, Inc. ["Bridgestone"] removed the action May 2, 1991.[1] Bridgestone then filed the instant motion for summary judgment January 30, 1992. Plaintiff filed his response February 20, 1992, and Bridgestone filed its reply March 2, 1992.

### FACTS

On September 27, 1989, plaintiff, a mechanic employed by Bridgestone, was struck in the face by the top strut plate of a MacPherson strut unit on which he was working. Plaintiff was completing the last strut replacement on a 1984 Ford EXP. The first three strut replacements were completed without incident. The last strut plate sprung free from the Branick Universal Pneumatic MacPherson Spring Compressor, No. SSC–514A ["Branick Compressor"] plaintiff was using, striking plaintiff in the mouth. Plaintiff was taken to the hospital where he was treated for lacerations to his lip and face, lost teeth, damaged teeth, nerve damage and other serious injuries.

Before the incident with the Branick Compressor, plaintiff had operated that particular spring compressor numerous times without incident. To date there has been no allegation that plaintiff in any way misused the machine to cause his injuries.

---

1. Defendant Branick Industries, Inc. ["Branick"] was joined as a party in plaintiff's second amended complaint filed February 4, 1992.

Allegedly, there had been three reported incidents of this kind occurring prior to the incident at issue. Bridgestone employees Bruce Battenfield, Mark Vial and Danny Austin all indicate that they reported dangerous conditions surrounding the Branick Compressor. In the Battenfield incident, the spring flew out of the Branick Compressor without striking Battenfield. In the Vial incident, the spring flew out and knocked off Vial's baseball cap. In the Austin incident, the spring flew out and struck Austin's hand which happened to be over the Branick Compressor. Austin stated at his deposition that it was his fault he was hurt because "I was stupid to put my hand on top of the spring," not because of any error in Austin's operation of the Branick Compressor.[2] His fault, in Austin's opinion, was in letting the Branick Compressor's malfunction hurt him, not in the malfunction itself. However, Mark Wilson, Canton Firestone's manager from July 1986 to May 1989, states that he never was notified of any problems with the Branick Compressor.[3]

No one was ever specifically ordered to use the Branick Compressor. Bridgestone made the Branick Compressor available for use by its mechanics and did not state that it need be used. However, Bridgestone mechanics were required to use some kind of spring compressor to perform their jobs. They either had to use the compressor Bridgestone supplied or purchase their own. Because of the prior incidents, plaintiff had purchased his own compressor. However, plaintiff could only use his compressor on 90% of the vehicles he repaired. Plaintiff used the Branick Compressor on vehicle strut assemblies where he could not use his own compressor. Such was the case on this particular job, the 1984 Ford EXP.

### STANDARD OF REVIEW

■ Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (quoting Black's Law Dictionary 881 (6th ed. 1979)) (citation omitted). The Court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Bender v. Southland Corp.*, 749 F.2d 1205, 1210–11 (6th Cir. 1984).

■ The movant bears the burden of demonstrating the absence of all genuine issues of material fact. *See Gregg v. Allen–Bradley Co.*, 801 F.2d 859, 861 (6th Cir.1986). The initial burden on the movant is not as formidable as some decisions have indicated. The moving party need not produce evidence showing the absence of a genuine issue of material fact; rather, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. Fed.R.Civ.P. 56(e); *Gregg*, 801 F.2d at 861.

■ To create a genuine issue of material fact, however, the nonmovant must do more than present some evidence on a disputed issue. As the United States Supreme Court stated in *Anderson v. Liberty*

---

**2.** Austin dep. at 37.

**3.** Wilson aff. at para. 3.

*Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986),

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

(Citations omitted); *See Celotex,* 477 U.S. at 322–23, 106 S.Ct. at 2552–53; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The standard for summary judgment mirrors the standard for a directed verdict under Fed. R.Civ.P. 50(a). *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511. Consequently, a nonmovant must do more than raise some doubt as to the existence of a fact; the nonmovant must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact. *Lucas v. Leaseway Multi Transp. Serv., Inc.,* 738 F.Supp. 214, 217 (E.D.Mich.1990), *aff'd,* 929 F.2d 701 (6th Cir.1991).

## APPLICABLE LAW

Plaintiff has filed his complaint seeking to recover damages beyond those supplied under the Workers' Disability Compensation Act ["the Act"]. The exclusive remedy provision of the Act and the limited exception is contained in Mich.Comp.Laws Ann. § 418.131(1):

> The right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer for a personal injury or occupational disease. The only exception to this exclusive remedy is an intentional tort. An intentional tort shall exist only when an employer specifically intended an injury. An employer shall be deemed to have intended to injure if the employer had actual knowledge that an injury was certain to occur and willfully disregarded that knowledge. The issue of whether an act was an intentional tort shall be a

question of law for the court. This section shall not enlarge or reduce rights under law.

As one panel of the Michigan Court of Appeals has stated

> ... the issue whether the facts alleged by plaintiff are sufficient to constitute an intentional tort is a question of law for the court, while the issue whether the facts are as plaintiff alleges is a jury question.

*McNees v. Cedar Springs Stamping Co.,* 184 Mich.App. 101, 104, 457 N.W.2d 68 (1990).

The Sixth Circuit Court of Appeals has elaborated upon the Act and its exception by stating that "[o]ne must now show that there was either a deliberate act or actual knowledge that an injury was certain to occur." *O'Shea v. Detroit News,* 887 F.2d 683, 689 (6th Cir.1989).

## ANALYSIS

■ In this case, there is a genuine issue of material fact whether Bridgestone knew that an injury was at least likely to occur. Three of its employees have stated that they previously complained of "near misses" and actual injuries stemming from the Branick Compressor's malfunctioning. The complaints made by Battenfield and Vial did not involve injury, whereas the complaint by Austin did. Bridgestone officials were allegedly notified of the malfunctioning but did not respond to the danger. In *McNees,* the court stated that "a request to the employer to correct the danger, an intentional refusal to make corrections [and] several previous incidents that came close to injuring other employees.... [constitute] a known and *certain* danger." 184 Mich.App. at 105–106, 457 N.W.2d 68 (emphasis added), *cited with approval in Adams v. Shepherd Prods., U.S., Inc.,* 187 Mich.App. 695, 697, 468 N.W.2d 332 (1991) (lack of prior injury did not preclude recovery under the intentional tort exception).[4]

---

4. Plaintiff asserts that Michigan Supreme Court Administrative Order 1990–6 binds the various panels of the Michigan Court of Appeals to a previous ruling made by a panel on the same

issue after November 1, 1990. Plaintiff argues that any differences between the various decisions of the Michigan Court of Appeals should be resolved in favor of the first decision report-

Further, the statute states that Bridgestone need only have actual knowledge that *an* injury is certain to occur. Here it is arguable that Bridgestone did not know that plaintiff specifically would be injured. However, it is difficult to assert that Bridgestone did not know that *an* injury to someone would occur.

Plaintiff has therefore alleged and substantiated facts that, if true, would establish intent through actual knowledge of a certain injury and a willful disregard of that knowledge. Plaintiff has put forth a genuine issue of material fact. According to the statute and controlling precedent, plaintiff need only show this much to avoid Bridgestone's motion for summary judgment.

### ORDER

Therefore, it is hereby ORDERED that defendant Bridgestone/Firestone, Inc.'s motion for summary judgment is DENIED.

SO ORDERED.

ed on this issue after November 1, 1990, *i.e., Adams.*

This court need not decide the issue, because the most recent reported Michigan Court of Appeals decision on this issue has squarely adopted the *Adams* application of the Act for this very reason. The court in *Benson v. Callahan Mining Corp.,* 191 Mich.App. 443, 447, 479 N.W.2d 12 (1991), stated

> ... [W]e consider this case to be distinguishable from *Adams v. Shepherd Products U.S., Inc.,* 187 Mich.App. 695; 468 N.W.2d 332 (1991). However, we note that we do not agree with *Adams,* and follow it only because we must under Administrative Order No. 1990–6, 436 Mich. lxxxiv.

While *Benson* eventually granted summary disposition to the defendant employer, it did so by distinguishing *Adams.* The *Benson* court stated that, *inter alia,* the defendant in that case merely provided unsafe working conditions and had no knowledge of pending injury. *Benson,* 191 Mich.App. at 451, 479 N.W.2d 12 (Sawyer, J., concurring); *id.* 191 Mich.App. at 447, 479 N.W.2d 12 (*per curiam*). This is not the case here, where defendant arguably had knowledge of pending injuries.

*Benson* is the most recent decision released for publication from the Michigan Court of Appeals. While *Smith v. General Motors Corp.,* 192 Mich.App. 652, 481 N.W.2d 819 (Mich.Ct. App.1992), is more current, it has not been released for publication by the Michigan Court of Appeals and therefore has no *stare decisis* value. 1985 Mich.Ct.R. 7.215(C)(1); *but see Dodge v. Karder Mach. Co.,* No. 126150 (Mich. Ct.App. Jan. 24, 1992) (unpublished disposition) (following *McNees* and *Adams*). This court, sitting in diversity, will follow state court precedent. Therefore this court will follow the *Benson–Adams* line of cases.