McNEES v CEDAR SPRINGS STAMPING COMPANY (AFTER REMAND)

Docket Nos. 170230, 179852. Submitted September 3, 1996, at Grand
    Rapids. Decided September 27, 1996, at 9:50 A.M. Leave to appeal
    sought.

Richard McNees brought an action in the Kent Circuit Court against
    Cedar Springs Stamping Company, his employer, seeking damages
    for the partial amputation of his right hand in a work-related acci-
    dent in 1985. The court, Roman J. Snow, J., granted summary dis-
    position for the defendant, ruling that the provision of the Worker's
    Disability Compensation Act setting forth an intentional tort excep-
    tion to the exclusive remedy of worker's compensation, MCL
    418.131; MSA 17.237(131), as amended by 1987 PA 28, effective May
    14, 1987, applied to the plaintiff's action and that the plaintiff had
    failed to plead sufficient facts to come within the exception. The
    court also denied a motion by the plaintiff to amend his pleadings,
    ruling that amendment would be futile. The Court of Appeals, SHEP-
    HERD, P.J., and SULLIVAN and NEFF, JJ., reversed the grant of summary
    disposition to the defendant and remanded the case for further pro-
    ceedings, holding that the 1987 amendment retroactively applied to
    the plaintiff's action and that the allegations in the plaintiff's pro-
    posed amended complaint sufficiently stated a claim under § 131.
    184 Mich App 101 (1990). On remand, the defendant sought a decla-
    ration that Amerisure, Inc., its insurer, must indemnify the defend-
    ant for any judgment obtained by the plaintiff. The trial court,
    Michael R. Smolenski, J., issued the requested declaratory judg-
    ment but ultimately granted summary disposition for the defendant,
    ruling that under Adams v Nat'l Bank of Detroit, 444 Mich 329
    (1993), and Smith v General Motors Corp, 192 Mich App 652
    (1992), the plaintiff needed, but failed, to establish a deliberate act
    by the defendant and a specific intent that there be an injury in
    support of his claim under § 131. The plaintiff appealed the grant of
    summary disposition for the defendant, and Amerisure appealed
    the declaratory judgment entered against it. The appeals were
    consolidated.

After remand, the Court of Appeals held:

1. The trial court correctly concluded that Adams and Smith
    applied to the plaintiff's claim. The doctrine of law of the case, as
    propounded by the plaintiff on the basis of the prior Court of
    Appeals opinion in this case, does not apply to prevent the applica-

tion of *Adams* and *Smith* and their specific requirement that the plaintiff establish the requisite knowledge and intent by the defendant, inasmuch as the Court of Appeals in its prior opinion did not decide whether the plaintiff had established knowledge and intent.

2. Amerisure's appeal need not be addressed in light of the disposition of the plaintiff's claim.

Affirmed.

Worker's Compensation — Exclusive Remedy — Intentional Tort Exception.

Worker's compensation is the exclusive remedy for work-related injury except where the employer commits an intentional tort; an intentional tort occurs only where the employee is injured as a result of a deliberate act of the employer and the employer specifically intended an injury; the employer is deemed to have intended to injure if the employer had actual knowledge that an injury was certain to occur and wilfully disregarded that knowledge; a plaintiff may establish a corporate employer's knowledge by showing that a supervisory or managerial employee had actual knowledge that an injury would follow from what the employer deliberately did or did not do (MCL 418.131; MSA 17.237[131]).

*Boyden, Waddell, Timmons & Dilley* (by *Robert C. Timmons*), for Richard McNees.

*Smith, Haughey, Rice & Roegge* (by *Jon D. Vander Ploeg*) and *Varnum, Riddering, Schmidt & Howlett, LLP* (by *Mark S. Allard*), for Cedar Springs Stamping Company.

*Harvey, Kruse, Westen & Milan, P.C.* (by *Gary L. Stec* and *C. Grant Vander Veer*), for Amerisure, Inc.

AFTER REMAND

Before: Doctoroff, C.J., and Hood and Bandstra, JJ.

Per Curiam. In Docket No. 170230, plaintiff Richard McNees appeals as of right the circuit court's order granting defendant Cedar Springs Stamping Company summary disposition of plaintiff's intentional tort claim. In Docket No. 179852, third-party defendant Amerisure, Inc., appeals as of right the circuit court's

order ruling that it is obligated to indemnify defendant, its insured, if plaintiff prevails on his claim. We affirm.

In 1985, plaintiff suffered a partial amputation of his right hand while operating a press at work. When the press completed a run, plaintiff ran the remaining stock through the press manually. As he attempted to do so, plaintiff stumbled and inadvertently stepped onto a broken foot pedal, activating the ram of the press, which amputated part of his right hand.

Plaintiff initially filed a common-law tort action. He alleged that defendant had actual knowledge of the ultradangerous condition of the press on the basis of prior injuries and wilfully disregarded that knowledge by requiring him to work on the press when it was substantially certain that an injury would occur.

Defendant moved for, and the trial court granted, summary disposition. Defendant asserted that plaintiff's exclusive remedy was under the Worker's Disability Compensation Act (WDCA), MCL 418.101 *et seq.*; MSA 17.237(101) *et seq.*, which was amended in 1987 to include an intentional tort provision. The trial court found that plaintiff had failed to plead sufficient facts to satisfy the intentional tort provision of the 1987 amendment. The court also denied plaintiff's motion to amend his complaint, finding that it would be futile.

Plaintiff appealed. In *McNees v Cedar Springs Stamping Co*, 184 Mich App 101; 457 NW2d 68 (1990), this Court reversed the trial court's order granting summary disposition to defendant. This Court held that the 1987 amendment is to be applied retroactively. The Court concluded that the statute, when considered in light of the evolving case law, can only mean that plaintiff must be able to allege a specific

danger known to the employer that is certain to result in an injury and that the employer required the plaintiff to work in the face of such danger. It further found that the trial court erred in failing to allow plaintiff to amend his complaint to plead his case under the 1987 amendment. This Court stated:

> We are satisfied that plaintiff has alleged a violation of [MCL 418.131; MSA 17.237(131)] in the amended complaint and that the trial court should have allowed that complaint to be filed. The allegations show a knowledge by the employer of the defect in the machine that caused the accident that was not obvious to the employee, a request to the employer to correct the danger, an intentional refusal to make corrections, a history of consistent violations of the Michigan Occupational Safety and Health Act [MCL 408.1001 *et seq.*; MSA 17.50(1) *et seq.*], several previous incidents that came close to injuring other employees as a result of the defect in question, orders to defendant to work on the machine with the defective foot pedal and intentional destruction of damaging evidence after the accident. This, if proved, is not mere negligence or even gross negligence. It is wilfully forcing an employee to work in the face of a known and certain danger with respect to the specific machine that caused the accident.
>
> Whether the pedal was, in fact, malfunctioning as alleged and whether the employer had such actual knowledge and wilfully disregarded it would be questions of fact for the jury. Whether plaintiff can come forward with any evidence of the required malfunctioning and the employer's actual knowledge and willful disregarding of such knowledge are all matters for discovery. Plaintiff claims to have evidence of two relevant facts: (a) the employer was informed by memorandum that the foot pedal was malfunctioning prior to the accident; and (b) after the accident the employer ordered all foot pedals destroyed. These items of evidence are merely links in a chain of evidence pointing toward liability. Whether plaintiff can complete the chain of evidence remains to be seen. [*Id.*, pp 105-106.]

On remand, both parties filed motions for summary disposition, which were denied. Thereafter, defendant filed a motion in limine to restrict the evidence that would be presented, which was also denied. On the day before the scheduled start of trial, the court ruled that the holdings in *Adams v Nat'l Bank of Detroit*, 444 Mich 329; 508 NW2d 464 (1993), and *Smith v General Motors Corp*, 192 Mich App 652; 481 NW2d 819 (1992), controlled this case. Both cases hold that there must be a deliberate act by the employer and a specific intent that there be an injury. *Smith, supra,* p 655. Specific intent is established if the employer had actual knowledge that an injury was certain to occur and wilfully disregarded that knowledge. *Id.* To support such conclusions, a plaintiff must be able to allege a specific danger known to the employer that was certain to result in an injury and must allege that the employer required the plaintiff to work in the face of that danger. *Id.* The trial court subsequently granted defendant's motion for summary disposition.

In addition, defendant and Amerisure sought a declaratory judgment to determine whether Amerisure was obligated to indemnify defendant for any judgment. The trial court held that Amerisure was obligated to indemnify defendant in the action brought by plaintiff.

Plaintiff first argues that this Court's prior published opinion, indicating that the allegations made by plaintiff, if proved, would establish a statutory intentional tort, is the law of the case and that, therefore, he has established a statutory cause of action against defendant as a matter of law. We disagree.

Under the doctrine of law of the case, an appellate court's decision concerning a particular issue binds courts of equal or subordinate jurisdiction during sub-

sequent proceedings in the same case. *Poirier v Grand Blanc Twp (After Remand)*, 192 Mich App 539, 546; 481 NW2d 762 (1992). A legal question may not be decided differently where the facts remain materially the same. *Id.* The doctrine applies only to those questions specifically determined in the prior decision and to questions necessarily determined in arriving at that decision. *Id.* Thus, a decision of an appellate court is controlling at all subsequent stages of the litigation as long as it is unaffected by a higher court's opinion. *Johnson v White*, 430 Mich 47, 53; 420 NW2d 87 (1988); *Reeves v Cincinnati, Inc (After Remand)*, 208 Mich App 556, 560; 528 NW2d 787 (1995). The reason for the rule is the need for finality of judgment and the want of jurisdiction in an appellate court to modify its own judgments except on rehearing. *Id.* The law of the case doctrine is a discretionary rule of practice. *United States v United States Smelting, Refining & Mining Co*, 339 US 186, 198-199; 70 S Ct 537; 94 L Ed 750 (1950); *Locricchio v Evening News Ass'n*, 438 Mich 84, 109, n 13; 476 NW2d 112 (1991).

In this case, the previous opinion by this Court did not decide or necessarily determine the issue. This Court's initial opinion was limited to a determination that the provisions of the 1987 amendment were to be retroactively applied to this case and that plaintiff had pleaded sufficient facts to bring his claim within the intentional tort exception to the exclusive remedy provision of the WDCA. *McNees, supra.* This Court specifically noted, "[w]hether plaintiff can come forward with any evidence of the required malfunctioning and the employer's actual knowledge and willful disregarding of such knowledge are all matters for discov-

ery." *Id.*, p 106. On remand, plaintiff could not come forward with sufficient evidence to establish the requisite knowledge and intent. Because this Court did not previously decide this issue, the law of the case doctrine is inapplicable. We therefore conclude that the trial court had authority to grant summary disposition in favor of defendant under *Smith, supra,* and *Adams, supra.*

Next, plaintiff argues that if the law of the case doctrine does not apply to his appeal, the 1987 amendment does not apply. Again, we disagree. Initially, we note that in the prior opinion, this Court ruled that the 1987 amendment applied to this case. Essentially plaintiff challenges the trial court's application of the holdings of *Smith* and *Adams* to this case.

The *Smith* Court held that to find the requisite intent, there must be a human who acted with intent in order to hold the corporation responsible. *Smith, supra,* p 657. An intent to commit tortious acts cannot be imputed to a corporation on the basis of disconnected facts known by various employees, where there is no evidence that any employee possessed the requisite state of mind. *Id.*; *Adams, supra,* pp 338-339, 343. Therefore, plaintiff was required to show that an employee of defendant possessed knowledge of facts from which it could be concluded that the employee had the requisite intent to injure.

Recently, the Michigan Supreme Court addressed this issue in *Travis v Dreis & Krump Mfg Co,* 453 Mich 149; 551 NW2d 132 (1996). The Supreme Court held that MCL 418.131; MSA 17.237(131) provides that an intentional tort exists only when an employee is injured as a result of a deliberate act of the employer

and the employer specifically intended an injury. *Travis*, p 169. An employer is deemed to have intended to injure if he had actual knowledge that an injury was certain to occur and wilfully disregarded that knowledge. *Id.*, pp 171, 173. Knowledge must be actual; constructive, implied, or imputed knowledge is not sufficient. *Id.*, p 173. "A plaintiff may establish a corporate employer's actual knowledge by showing that a supervisory or managerial employee had actual knowledge that an injury would follow from what the employer deliberately did or did not do." *Id.*, pp 173-174.

The Supreme Court's decision in *Travis* is consistent with the holdings in *Adams, supra,* and *Smith, supra.* Moreover, whether plaintiff showed that an employee of defendant possessed knowledge of facts from which it could be concluded that the employee had the requisite intent to injure was not addressed in *McNees, supra.* The *McNees* Court examined only the adequacy of plaintiff's pleadings. This Court left open the question whether plaintiff could establish the requisite actual knowledge. There was no statement indicating that knowledge from a number of employees could be imputed together to establish intent. We conclude that the trial court did not err in applying *Adams* and *Smith* to this case and in granting defendant summary disposition.

Finally, third-party defendant Amerisure argues that it should not be obligated to indemnify defendant if plaintiff prevails on his appeal. Because the trial court did not err in granting defendant summary disposition, it is unnecessary to reach this issue.

Affirmed.