# STATE OF MICHIGAN

# COURT OF APPEALS

DENNIS COLE,

       Plaintiff-Appellant,

v

DINESH PATEL and VIR PUR INC.,

       Defendants,

and

NAGY MICKHAIL,

       Defendant-Appellee.

UNPUBLISHED
June 18, 2015

No. 320684
Wayne Circuit Court
LC No. 12-014480-NO

Before: METER, P.J., and CAVANAGH and WILDER, JJ.

PER CURIAM.

       Plaintiff appeals as of right an order granting defendant Nagy Mickhail's motion for partial summary disposition which dismissed and closed this case. We affirm.

       In September 2010, plaintiff was beaten in the basement of the Bada Bing Club, a business owned by Atlantis Lounge, Inc. The Bada Bing Club was being managed by Henry Ramirez pursuant to an agreement he had with Atlantis Lounge, and Ramirez was one of four people who beat plaintiff.[1] In April 2011, plaintiff sued Atlantis Lounge and the Bada Bing Club (the "Atlantis Lounge case") seeking damages for Ramirez's wrongdoing under direct and vicarious liability theories. After the trial court denied plaintiff's motion to amend his complaint to add claims against Nagy Mickhail, the sole shareholder of Atlantis Lounge, this action was filed.

       In this action, plaintiff sued Mickhail individually, as well as the owner-lessor of the building that housed the Bada Bing Club, Vir Pur, Inc., and its sole shareholder, defendant

---

[1] Ramirez and the three other people were subsequently convicted of criminal charges related to the beating.

-1-

Dinesh Patel.[2]  In Count I of his complaint, plaintiff alleged a "negligence, gross negligence and recklessness" claim against all three defendants, generally averring that defendant Mickhail failed to hire qualified personnel and failed to properly train, manage, and supervise his employees and agents.  In Count II, plaintiff alleged a claim of "negligent and intention [sic] infliction of emotional distress" against all three defendants.

However, in January 2013, the Atlantis Lounge case was summarily dismissed after the trial court agreed with the defendants that Ramirez was an independent contractor, not an employee of Atlantis Lounge; thus, it could not be held directly or vicariously liable for Ramirez's wrongdoing.  The trial court concluded that Ramirez, not Atlantis Lounge, exercised day-to-day control over the operation of the Bada Bing Club at the time plaintiff was assaulted. Plaintiff appealed.

While the Atlantis Lounge appeal was pending, the case against Mickhail proceeded in the trial court.  In January 2014, defendant Mickhail filed a motion for summary disposition arguing that:  (1) he owed no duty to protect plaintiff from the criminal acts of Ramirez and his associates; (2) Ramirez was an independent contractor so Mickhail was not liable under plaintiff's direct and vicarious liability theories; and (3) plaintiff's infliction of emotional distress claim must fail because his claim arose from injuries inflicted on him by Ramirez.  Defendant Mickhail further argued that the trial court had dismissed the same claims against Atlantis Lounge in the first action on the ground that Ramirez exercised day-to-day control over the operation of the Bada Bing Club and there was no reason for concluding that Mickhail, the sole shareholder of Atlantis Lounge, exercised any more control than did Atlantis Lounge.

The trial court agreed with defendant Mickhail and dismissed plaintiff's claims.  The court held that Ramirez was an independent contractor therefore defendant Mickhail could not be liable under plaintiff's direct and vicarious liability theories.  Further, plaintiff's infliction of emotional distress claim failed because it was the conduct of Ramirez that was outrageous, not the conduct of defendant Mickhail.  On February 13, 2014, the trial court entered an order dismissing plaintiff's claims.  This appeal followed.

On June 2, 2014, plaintiff filed a motion to consolidate this appeal, docket number 320684, with his appeal in the Atlantis Lounge case, docket number 315614.  By order entered June 16, 2014, the motion was denied.

On September 25, 2014, this Court affirmed the trial court's decision in the Atlantis Lounge case, holding that the court "correctly concluded that Atlantis Lounge, Inc. may not be held directly or vicariously liable for the torts at issue." *Cole v Bada Bing Club*, unpublished opinion of the Court of Appeals, issued September 25, 2014 (Docket No. 315614), slip op at 1. In particular, this Court reviewed the evidence bearing on the question whether Ramirez was an employee or an independent contractor and concluded that he was an independent contractor. Thus, this Court held:  "[B]ecause Ramirez was an independent contractor and Michigan

---

[2] On January 24, 2014, a stipulated order of dismissal as to defendants Vir Pur and Patel was entered by the trial court.

recognizes no cause of action for the negligent hiring or retention of an independent contractor, the trial court did not err in granting summary disposition regarding plaintiff's allegations involving direct liability." *Cole*, unpublished op at 4. And plaintiff's claims of intentional torts premised on a theory of vicarious liability were also properly dismissed because "the undisputed facts demonstrate that Ramirez was not an employee, but an independent contractor." *Id.* In summary, this Court unequivocally held that Ramirez was an independent contractor, not an employee.

On appeal in this case, plaintiff argues that Ramirez was defendant Mickhail's employee,[3] thus, Mickhail is liable for Ramirez's conduct and the trial court erred when it dismissed his claims.[4] It is clear that plaintiff is raising substantially the same issue already decided by this Court in the Atlantis Lounge appeal. While the law of the case doctrine does not technically apply here because this is a different case and the named defendant is the sole shareholder of Atlantis Lounge and not Atlantis Lounge,[5] we are nevertheless persuaded that our prior rationale and decision on the substantive issue whether Ramirez was an employee or an independent contractor is controlling. The underlying facts that bear on this legal question are materially the same. The law of the case doctrine operates to prevent a court from deciding a legal question differently than it was decided in an earlier decision where the facts are materially the same. See *McNees v Cedar Springs Stamping Co (After Remand)*, 219 Mich App 217, 222; 555 NW2d 481 (1996). The doctrine, therefore, promotes finality of judgments while preventing a court's modification of prior judgments. *Id.* While the law of the case doctrine is not technically applicable here, this rationale is particularly persuasive in this case involving substantially the same claims against the sole shareholder of Atlantis Lounge as were made against Atlantis Lounge.[6] Accordingly, as this Court held in the Atlantis Lounge case, Ramirez was an independent contractor, not an employee of defendant Mickhail. Because Ramirez was

---

[3] Although plaintiff's statement of Issue I refers to an issue whether the holder of a special license can enter into an "independent contract with an unlicensed individual," plaintiff did not argue the merits of such an issue; rather, he only argued that Ramirez was an employee, not an independent contractor.

[4] We review de novo a trial court's decision on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

[5] See *CAF Investment Co v Saginaw Twp*, 410 Mich 428, 454; 302 NW2d 164 (1981).

[6] We note that plaintiff admitted in his motion for consolidation of the appeals that "the cases arise from exactly the same set of facts and turn on exactly the same legal issue" which was whether Ramirez was an employee or an independent contractor.

an independent contractor, the trial court properly granted defendant Mickhail's motion for summary disposition.

Affirmed.

/s/ Patrick M. Meter
/s/ Mark J. Cavanagh
/s/ Kurtis T. Wilder