# STATE OF MICHIGAN

# COURT OF APPEALS

GREAT LAKES EYE INSTITUTE, PC,

        Plaintiff/Counter Defendant-
Appellee,

UNPUBLISHED
January 9, 2018

v

No. 335405
Saginaw Circuit Court
LC No. 08-002481-CK

DAVID B. KREBS, M.D.,

        Defendant/Counter Plaintiff-
Appellant.

Before: O'CONNELL, P.J., and HOEKSTRA and SWARTZLE, JJ.

PER CURIAM.

In this breach of contract action, following a reversal and remand from this Court, defendant David Krebs, M.D., as the "prevailing party," moved the trial court for an award of attorney fees and costs under a contract provision. The trial court denied the motion, ruling that defendant was precluded from enforcing the contract against plaintiff Great Lakes Eye Institute, PC (GLEI), under the law-of-the-case doctrine. Defendant appeals as of right. We vacate and remand for further proceedings.

## I. BACKGROUND

The basic facts giving rise to this dispute were set forth in this Court's previous opinion as follows:

> In 1999, Krebs moved to Michigan to begin employment with a separate corporate entity, Great Lakes Eye, P.C. (GLE), which was dissolved in 2003. On June 24, 1999, Krebs and GLE executed a written employment contract, which included a restrictive covenant that granted Krebs the option of either not practicing ophthalmology in a given region for two years after the termination of his employment or paying GLE the greater of 40% of the gross receipts attributable to Krebs in his last year of employment with GLE or $200,000. The employment contract stated that the term under the contract "shall [commence] from the 14th day of July, 1999 and continu[e] until July 13, 2000." The employment contract also included a clause entitled "**Prohibition Against Assignment**," which stated the following:

[GLE] shall not assign this Agreement other than to P.C., limited liability company or partnership, or general partnership in which Farhad Shokoohi is the controlling shareholder, member or partner, respectively. Any assignment in violation of the foregoing shall relieve Employee of all obligations and liability hereunder.

On December 31, 1999, GLE assigned all of its assets to its only shareholder, Dr. Farhad K. Shokoohi. Shokoohi subsequently executed a separate assignment transferring a list of assets received under the GLE assignment to the shareholders of Shokoohi Eye Center, P.C. In 2001, Shokoohi Eye Center, P.C. changed its name to Great Lakes Eye Institute, P.C., . . . . Krebs worked for GLEI until 2008 when he terminated his employment and opened his own ophthalmology practice. Before ending his employment with GLEI, Krebs sent letters to approximately 965 of his patients announcing the opening of his new practice. [*Great Lakes Eye Institute, PC v Krebs*, unpublished opinion per curiam of the Court of Appeals, issued April 16, 2015 (Docket No. 320086), pp 1-2.]

Plaintiff GLEI filed suit against defendant alleging in part that he breached the restrictive covenant of the employment agreement. *Id.* at 2. After competing motions for summary disposition were filed, the trial court "concluded that the employment contract was permissibly assigned to GLEI in 1999, and that the restrictive covenant remained in full effect despite the initial term of the contract expiring in 2000." *Id*. The court later entered a judgment in plaintiff's favor, "awarding $511,517 in liquidated damages and $150,400 in attorney fees and costs." *Id*. at 3.

Defendant appealed, primarily arguing that the assignment from GLE to Shokoohi breached the provision against assignment, thereby relieving him of his contractual obligations. Defendant also argued that plaintiff lacked standing to enforce the contract because it was not an "assign" of GLE. A prior panel of this Court reversed. The prior panel first observed that the employment agreement was "arguably" not included in the initial assignment as GLE's "assets." *Id*. at 4. After discussing what constitutes "an asset", the Court found that "GLEI has not shown that the employment contract was included in the assets transferred by GLE to Shokoohi, and later by Shokoohi to GLEI." *Id*. The Court further reasoned, "If Krebs's employment contract was never assigned to GLEI, GLEI has no standing to assert a breach of contract claim against Krebs under the 1999 contract Krebs entered with GLE." *Id*.

The Court also determined that, "even if GLE assigned the employment contract to Shokoohi in 1999, the assignment was expressly prohibited by the employment contract," as Shokoohi in his individual capacity "was not a 'P.C., limited liability company or partnership, or general partnership.' " *Id*. The Court explained that "even if GLE assigned the employment contract to Shokoohi in 1999, the unauthorized assignment relieved Krebs of all obligations arising under the contract, including obligations related to the restrictive covenant." *Id*. In conclusion, the Court stated:

The trial court erred in granting GLEI's motion for summary disposition because GLE did not assign Krebs's employment contract to GLEI. Further, even if the employment contract was assigned to GLEI, under the express language of the

contract, the initial unauthorized assignment to Shokoohi relieved defendant of all liability and obligations arising under the contract. [*Id.* at 5.]

On remand, defendant moved the trial court for an award of attorney fees under Section 18 of the employment agreement, which provides in pertinent part:

> The prevailing party in any legal proceedings commenced to enforce this instrument, whether by arbitration or judicially, shall be entitled to an award of its costs including, but not limited to, reasonable attorneys' fees in addition to such other damages, if any, or other award as may be appropriate.

Section 17 was also relevant to the remand proceedings. That provision provides:

> This Agreement shall be binding upon and inure to the benefit of the Corporation, and Employee and their respective heirs, legal representatives, executors, administrators, successors, and assigns. All provisions of this Agreement requiring performance, payment, or restriction or authorization shall survive the termination of this Agreement.

Defendant noted that the trial court had previously ruled that "the Employment Agreement is binding on the successors of Dr. Krebs and Great Lakes, including Plaintiff GLEI." Defendant noted at the motion hearing that "the contract itself has a provision that it's binding on any successors. And it is signed by Dr. Shokoohi, the sole owner of GLEI." In response, plaintiff argued that defendant's motion was barred by the law-of-the-case doctrine and judicial estoppel. The trial court denied defendant's motion, agreeing that the law-of-the-case doctrine applied. This appeal followed.

## II. ANALYSIS

"The interpretation of a contract presents a question of law that is reviewed de novo." *Bank of America, NA v Fidelity Nat'l Title Ins Co*, 316 Mich App 480, 488; 892 NW2d 467 (2016). "Whether the trial court followed this Court's rulings on remand presents a question subject to de novo review." *Lenawee Co v Wagley*, 301 Mich App 134, 149; 836 NW2d 193 (2013). "Similarly, this Court reviews de novo the determination whether the law-of-the-case doctrine applies and to what extent it applies." *Id.* (internal citation and quotation marks omitted). We also review de novo the applicability of judicial estoppel. *Henry v Dow Chem Co*, 319 Mich App 704, 727; ___ NW2d ___ (2017).

*The Law-of-the-Case Doctrine Does Not Bar Defendant's Claim.* First, defendant argues the trial court erred in concluding that the law-of-the-case doctrine bars defendant's claim for contractual attorney fees. Because this Court's prior panel's opinion did not address the issue of successor liability under the employment contract, we agree with plaintiff that the trial court erred in dismissing his claim on this basis.

Regarding the law-of-the-case doctrine, this Court has stated:

> The law of the case doctrine holds that a ruling by an appellate court on a particular issue binds the appellate court and all lower tribunals with respect to

-3-

that issue. *New Props, Inc v George D Newpower, Jr, Inc*, 282 Mich App 120, 132; 762 NW2d 178 (2009) (quotation marks and citation omitted). If an appellate court has passed on a legal question and remanded the case for further proceedings, the legal questions thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain materially the same. The doctrine is applicable only to issues actually decided, either implicitly or explicitly, in the prior appeal. The primary purpose of the doctrine is to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit. [*Lenawee Co*, 301 Mich App at 149-150 (internal citations and quotation notation omitted).]

Accordingly, the law-of-the-case "doctrine applies only to those questions specifically determined in the prior decision and to questions necessarily determined in arriving at that decision." *McNees v Cedar Springs Stamping Co*, 219 Mich App 217, 222; 555 NW2d 481 (1996).

As an initial matter, we note that the *Krebs* ruling rested on two holdings: (1) the employment agreement was not included in the agreement, and (2) any assignment breached the employment contract's provision against assignment. We recognize that the prior panel initially stated that the agreement "arguably" was not included in the assignment. The prior panel, however, then found that plaintiff failed to show that the agreement had been assigned and concluded that "GLE did not assign Krebs's employment contract to GLEI." Accordingly, the prior panel actually decided the issue of assignment of the contract. When a decision rests on alternative holdings, both holdings are considered binding rulings for purposes of law of the case. See *Commonwealth v Reed*, 601 PA Super 257, 265; 971 A2d 1216 (2009). [1]

With that in mind, defendant argues that the prior panel did not specifically determine whether he could recover attorney fees. We agree with defendant that the prior panel did not address that issue. Plaintiff counters, however, that the prior panel "implicitly held" that plaintiff "had no rights under that contract unless that contract were assigned to GLEI." Plaintiff notes that the prior panel ruled that the agreement was not assigned and reasoned that "[i]f, as this Court held in its April 2015 opinion, GLEI had no *rights* under the terms of the 1999 Employment Agreement between GLE and Dr. Krebs, it necessarily follows that GLEI has no *obligations* under this contract that it was not a party to." Plaintiff concludes that "[l]aw of the case principles, therefore, require rejection of Dr. Krebs's efforts to impose on GLEI the attorney fee provision of a contract that it was not a party to, either directly or by assignment."

We acknowledge that the prior panel stated that plaintiff could only enforce the contract if it was assigned the employment agreement. Again, the prior panel stated, "If Krebs's employment contract was never assigned to GLEI, GLEI has no standing to assert a breach of contract claim against Krebs under the 1999 contract Krebs entered with GLE." The prior

---

[1] We may consider caselaw from sister state courts for its persuasive value. *Travelers Prop Cas Co of America v Peaker Servs, Inc*, 306 Mich App 178, 188; 855 NW2d 523 (2014).

panel's ruling, however, can only be understood in the context of the questions presented to it: whether plaintiff was assigned the right to enforce the non-compete clause of the employment contract and, if plaintiff was assigned that right, whether that assignment violated the assignment restrictions of the employment contract. In this context, the prior panel's standing ruling is similarly limited to the non-compete clause and assignment restrictions of the employment agreement. The prior panel did not conclude that plaintiff did not have any relationship to the employment agreement. Rather, the issue of plaintiff's *liability* as a successor to the employment contract, as opposed to plaintiff's *right* to enforce a specific provision of the contract as an assignee of those rights, was never before the prior panel. The law-of-the-case doctrine "is applicable only to issues actually decided, either implicitly or explicitly, in the prior appeal." *Lenawee Co*, 301 Mich App at 149-150 (internal citation and quotation marks omitted). Because the prior panel did not address plaintiff's liability as a successor, the question is not barred by the law-of-the-case doctrine. Accordingly, the trial court erred in dismissing defendant's motion for contractual attorney fees on the basis that the law-of-the-case doctrine precluded defendant's claim.

*Judicial Estoppel Does Not Bar Defendant's Claim.* As an alternative ground for affirmance, plaintiff argues that defendant's successor argument is barred by judicial estoppel. We disagree. This Court recently summarized the principles of judicial estoppel:

> "Judicial estoppel is an equitable doctrine, which generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." Judicial estoppel is an extraordinary remedy to be invoked when a party's inconsistent behavior will otherwise result in a miscarriage of justice. It is not meant to be a technical defense for litigants seeking to derail potentially meritorious claims. Michigan has adopted the prior success model of judicial estoppel. This means that for judicial estoppel to apply, a party must have successfully and unequivocally asserted a position in a prior proceeding that is wholly inconsistent with the position now taken. The mere assertion of inconsistent positions is not sufficient to invoke estoppel; rather, there must be some indication that the court in the earlier proceeding accepted that party's position as true. Further, in order for the doctrine of judicial estoppel to apply, the claims must be wholly inconsistent. [*Henry v Dow Chem Co*, 319 Mich App at 727-728 (internal citations and quotation notation omitted).]

Similar to its previous argument, plaintiff argues that defendant "contended in his earlier appeal to this Court that, since GLEI was not a party to the 1999 agreement, it had no 'standing' to claim the benefits of that contract unless that contract was specifically assigned to it." Plaintiff asserts that defendant's argument was successful and therefore he should be precluded from contending that plaintiff can be bound by the agreement as a successor. As noted, in his previous appeal, defendant argued in part that plaintiff lacked standing to enforce the agreement. More specifically, after setting forth Section 17, defendant argued that

> any benefits of the contract are only to GLE's "assigns". Plaintiff is not an "assign" of GLE. It is an "assign" (by name change) of Shokoohi Eye Center, P.C., which was itself an "assign" of Dr. Shokoohi, individually. The contracting

language does not confer any right to sue on GLEI, which was not an "assign" of "the Corporation". Indeed, the liquidation plan retained in GLE the authority to asset [sic] claims on its own behalf.

Again, we note that, when reviewing the record before the prior panel, context is key. Before the prior panel, defendant did not argue that plaintiff was not a successor to GLE's liabilities under the employment contract. Rather, the thrust of defendant's argument was that plaintiff was not assigned the rights of that contract and could not enforce the contract's non-compete clause. Because it is entirely plausible that plaintiff is a successor to GLE's liabilities under the contract, including the attorney fees provision, but was not assigned the right to enforce the non-compete provision of that same contract, defendant's argument that plaintiff is contractually liable for defendant's attorney fees is not wholly inconsistent with defendant's prior argument that plaintiff could not enforce the non-compete clause. *Henry*, 319 Mich App at 728. Accordingly, defendant's claim for attorney fees is not barred by judicial estoppel. *Id*.

## III. CONCLUSION

For these reasons, we vacate the trial court's order denying defendant's motion for contractual attorney fees. Consistent with this opinion, on remand, the trial court is to determine whether plaintiff is a successor to GLE's liabilities under the employment contract and whether plaintiff is liable for defendant's attorney fees under Section 18 of that contract. We do not retain jurisdiction.

/s/ Peter D. O'Connell
/s/ Joel P. Hoekstra
/s/ Brock A. Swartzle

-6-